IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RHONDA COLLEY,

    Plaintiff,

                                    Civil Action No. 3:07-CV-857-MHT

vs.

CHARTER COMMUNICATIONS,

                                    JURY TRIAL DEMANDED

    Defendant.

## COMPLAINT

### I.    JURISDICTION

1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §1331, 1343(4), 2201, 2202 and 29 U.S.C. §2617(a)(2). This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993" and pursuant to 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 29 U.S.C. §2601 *et seq.*, and §1981, providing damages, injunctive relief and other relief.

### II.    PARTIES

2. Plaintiff Rhonda Colley (hereinafter "Plaintiff"), is a resident of Alexander City, Tallapoosa County, Alabama and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this

1

case. Pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Middle District, Eastern Division.

3. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. §2617(a)(2). Defendant employs at least fifteen (15) persons.

### III. STATEMENT OF FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5. Plaintiff began working with Defendant in July, 2001.

6. At the time of Plaintiff's termination of employment on August 9, 2007, she held the position of Office Operations Manager at Defendant's Auburn, Alabama location.

7. At all times while employed with Defendant, Plaintiff performed her job duties in a competent or better manner.

8. Plaintiff was terminated because an employer working for her quit suddenly after eleven or twelve years, with issues arising about her bounced checks to Defendant.

9. Auditors came into the Auburn office, and found that in some undetermined manner this former employee had stolen some $13,000 over a period of time.

10. Plaintiff was not implicated in any way, other than the fact this individual worked for her.

11. Plaintiff questioned the auditors regarding whether other locations of Defendant had also suffered from theft by employees in comparable positions. The auditor acknowledged that every location of Defendant had suffered such theft.

12. Plaintiff was terminated for this theft, even though the managers of other locations of Defendant were not terminated when their employees committed similar offenses. Specifically, Peggy Tuck (B) of the Alex City location, and Portia Ragland (B) of the Sylacauga/Talladega location were not terminated when each of them had an employee commit theft.

### IV. COUNT ONE – RACE DISCRIMINATION

13. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 12 above as if fully set forth herein.

14. Plaintiff was singled out and treated differently than managers of other locations of Defendant by being terminated for the theft by an employee.

16. Tuck and Ragland, both black, had employees steal under their management, although neither of these managers was ever implicated in any way, just as Plaintiff was not implicated in any way with the theft, yet these black managers were not demoted or terminated from their position.

17. Plaintiff had been in her position longer than Ragland, and had always run a profitable operation.

18. Plaintiff had only one verbal write-up during her employment with Defendant which involved open work orders. Plaintiff had no other discipline while employed with Defendant, and was terminated because of her race, white, in violation of § 1981.

19. Defendant intentionally discriminated against Plaintiff because of her race, causing her to suffer damages, including loss of pay, benefits and mental anguish.

## V. COUNT ONE – FLMA INTERFERENCE

20. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 19 above as if fully set forth herein.

21. Plaintiff was out on FMLA leave, approved by Defendant, from July 31, 2007 until her expected return on August 14, 2007.

22. Plaintiff was terminated on August 9, 2007, while out on qualifying FMLA leave.

23. Defendant intentionally interfered with Plaintiff's rights under the FMLA by terminating her while out on approved leave, preventing her from being able to return to her position with Defendant.

24. As a result of Defendant's intentional interference of Plaintiff's rights

4

under the FMLA, Plaintiff has suffered loss of pay, benefits and mental anguish.

## VI. COUNT TWO – RETALIATION

25. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 24 above as if fully set forth herein.

26. Defendant's actions in terminating Plaintiff while she was out on approved FMLA leave was in retaliation for Plaintiff seeking such leave.

27. As a result of Defendant's intentional retaliation, a prohibited act under the FMLA, Plaintiff has been caused to suffer loss of pay, benefits and mental anguish

## VII. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Family Medical Leave Act and §1981;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding her reinstatement to the position she would have had, had she not been terminated;

C. Award Plaintiff back pay, together with employment benefits,

compensatory, punitive, liquidated damages and attorneys' fees and costs, and any additional relief as may be determined by the Court to which Plaintiff is entitled.

Respectfully submitted,

_____
David R. Arendall

_____
Allen D. Arnold
Counsel for Plaintiff

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

_____
Of Counsel

SERVE DEFENDANT AT:

Charter Communications
c/o Any officer or agent
1900 Mall Blvd.
Auburn, AL  36830

6

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000539
Cashier ID: brobinso
Transaction Date: 09/26/2007
Payer Name: ARENDALL LAW FIRM
-----------------------------------------
CIVIL FILING FEE
 For: ARENDALL LAW FIRM
 Case/Party: D-ALM-3-07-CV-000857-001
 Amount:         $350.00
-----------------------------------------
CHECK
 Check/Money Order Num: 10473
 Amt Tendered: $350.00
-----------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

COLLEY V. CHARTER COMMUNICATIONS
```