**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RHONDA COLLEY, | * | |
| Plaintiff, | * | |
| | | CIVIL ACTION NO. |
| vs. | * | |
| | | 3:07-cv-857-MHT-WC |
| CHARTER COMMUNICATIONS, | * | |
| Defendant. | * | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Charter Communications ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint and denies each and every allegation not specifically admitted herein. In response to the numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

**I.      JURISDICTION**

1.      Defendant admits that Plaintiff has brought this action pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202 and 29 U.S.C. § 2617(a)(2). Defendant admits that this suit seeks relief and damages pursuant to the Family and Medical Leave Act of 1993 and 42 U.S.C. § 1981. Defendant admits that this Court has jurisdiction over the subject matter of this action. Defendant denies, however, that it has engaged in any conduct that would give rise to any cause of action alleged in Plaintiff's Complaint, and denies all remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

## II. PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's current place of residence and, therefore, denies same. Defendant denies that Plaintiff worked for Defendant in the counties composing the Northern District of Alabama during the relevant time periods. Defendant admits that venue for this action lies in the Federal District Court for the Middle District of Alabama. Defendant denies the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that it is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). Defendant denies, however, that it has engaged in any conduct that would give rise to any cause of action under those statutes as alleged in Plaintiff's Complaint

## III. STATEMENT OF FACTS

4. In response to paragraph 4 of Plaintiff's Complaint, Defendant adopts and incorporates its response to paragraphs 1 through 3 of Plaintiff's Complaint.

5. Defendant admits that Plaintiff was its employee. Defendant, however, denies that Plaintiff began work for Defendant in July 2001.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

### IV.  COUNT ONE – RACE DISCRIMINATION

13. In response to paragraph 13 of Plaintiff's Complaint, Defendant adopts and incorporates its response to paragraphs 1 through 12 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. [Omitted in the Complaint]

16. Defendant admits that limited, isolated employee theft has occurred at the locations managed by Peggy Tuck and Portia Ragland. Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that Plaintiff was in her position longer than Portia Ragland. Defendant denies the remaining allegations of paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

**V.    COUNT ONE – FMLA INTERFERENCE   [Incorrectly numbered in Plaintiff's Complaint].**

20. In response to paragraph 20 of Plaintiff's Complaint, Defendant adopts and incorporates its response to paragraphs 1 through 19 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that Plaintiff was terminated on August 9, 2007. Defendant denies the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

**VI.    COUNT TWO – RETALIATION [Incorrectly numbered in Plaintiff's Complaint]**

25. In response to paragraph 25 of Plaintiff's Complaint, Defendant adopts and incorporates its response to paragraphs 1 through 24 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## VII.   PRAYER FOR RELIEF

Plaintiff's Prayer for Relief, and each of its subparts, contains no allegation to which Defendant is required to respond, but to the extent that it may be required to respond, Defendant denies that Plaintiff is entitled to any relief whatsoever, and further denies that it has committed any unlawful or illegal act with respect to Plaintiff. Defendant admits that Plaintiff has requested a trial by jury, but denies that she has raised any triable issues based upon the allegations in Plaintiff's Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted herein and denies that Plaintiff is entitled to any of the relief sought in this action.

## AFFIRMATIVE AND OTHER DEFENSES

Answering further, and by way of defense, Defendant states as follows:

1.

Plaintiff's Complaint fails to state a claim upon which relief may be granted to the extent that it fails to allege each and every element of each and every cause of action Plaintiff attempts to assert.

2.

The applicable statutes of limitation, in whole or in part, may bar Plaintiff's claims.

3.

All employment actions taken by Defendant with respect to Plaintiff were and are based upon legitimate, non-discriminatory, non-retaliatory reasons, and Defendant acted at all times in good faith.

4.

Even assuming *arguendo* that Plaintiff could establish a *prima facie* case of discrimination or retaliation, she cannot establish that Defendant's legitimate, non-discriminatory reasons for its actions were a pretext for an intent to discriminate or retaliate against her on the basis of her membership in a protected class or her alleged exercise of her civil rights.

5.

Even if Plaintiff was able to prove that Defendant's actions and decisions were motivated, in part, by unlawful discriminatory or retaliatory intent (which is denied), Plaintiff's claims would fail because Defendant would have taken the same actions and made the same decisions irrespective of its alleged unlawful intent.

6.

To the extent that it is discovered that Plaintiff engaged in additional misconduct, other violations of Defendant's policies, or other conduct that would have resulted in her termination by Defendant, or would have precluded Plaintiff from obtaining employment with Defendant, Plaintiff is subject to the after-acquired evidence doctrine and limited thereby in her recovery or remedy.

7.

To the extent that any employee of Defendant engaged in any of the alleged unlawful conduct described in Plaintiff's Complaint (which is denied), such actions were outside the scope of his/her employment, were contrary to the policies and directives of Defendant, and not done in the furtherance of Defendant's business interests.

8.

Plaintiff's claims for monetary relief and damages are barred to the extent that she has failed to mitigate her alleged damages.

9.

Defendant is entitled to a set off against Plaintiff's alleged damages in the amount(s) which Plaintiff received or earned, or could have received or earned through reasonable efforts, and any amounts paid by Defendant to Plaintiff.

10.

Plaintiff's claims for punitive damages are barred because Defendant did not engage in any conduct that would rise to the level required to sustain an award for punitive damages.

11.

Assuming, *arguendo*, that Plaintiff's allegations are sufficient to sustain an award of punitive damages (and they are not), an award of punitive damages against Defendant would be precluded by its good faith efforts to comply with all federal laws pertaining to employment.

12.

The employment actions about which Plaintiff complains were taken for reasons other than any alleged protected status held by Plaintiff.

13.

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the United States.

14.

Plaintiff is not entitled to punitive damages under the Family and Medical Leave Act.

15.

No action of Defendant was the proximate cause of any injury or damage allegedly suffered by Plaintiff.

16.

There is no causal connection between any action of Defendant and any injury or damages claimed by Plaintiff.

17.

Defendant reserves the right to assert any additional affirmative defenses as established by the facts of this case.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing herein, and that Defendant has judgment for its costs and for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

s/Kelly D. Reese
Kelly D. Reese
ASB-0637-E53K
LITTLER MENDELSON, PC
Riverview Plaza
63 South Royal Street, Suite 709
Mobile, Alabama 36602
Telephone: 251-432-4540
Facsimile: 251-432-0427
Email: kreese@littler.com

**Attorney for Defendants**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA COLLEY, | * | |
| Plaintiff, | * | |
| | | CIVIL ACTION NO. |
| vs. | * | |
| | | 3:07-cv-857-MHT-WC |
| CHARTER COMMUNICATIONS, | * | |
| Defendant. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Plaintiff's attorneys as follows:

- **David Randall Arendall**
  dra@arendalllaw.com,ras@arendalllaw.com
- **Allen Durham Arnold**
  ada@arendalllaw.com

    s/Kelly D. Reese
    Kelly D. Reese
    ASB-0637-E53K
    LITTLER MENDELSON, PC
    Riverview Plaza
    63 South Royal Street, Suite 709
    Mobile, Alabama 36602
    Telephone:  251-432-4540
    Facsimile:  251-432-0427
    Email:  kreese@littler.com

    **Attorney for Defendants**

Firmwide:83287269.1 800000.3500