**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**RHONDA COLLEY,**                          *

    **Plaintiff,**                          *

                                    **CIVIL ACTION NO.**

**vs.**                                    *

                                 **3:07-cv-857-MHT-WC**

**CHARTER COMMUNICATIONS,**                 *

    **Defendant.**                          *

## JOINT MOTION FOR ENTRY OF CONSENT PROTECTIVE ORDER

Plaintiff, Rhonda Colley, and Defendant, Charter Communications, respectfully request that this Court enter the Consent Protective Order attached hereto as Exhibit A in order to expedite the discovery process and safeguard the confidentiality of the documents and information described therein.

Respectfully submitted,

s/Kelly D. Reese
Kelly D. Reese
ASB-0637-E53K
LITTLER MENDELSON, PC
Riverview Plaza
63 South Royal Street, Suite 709
Mobile, Alabama 36602
Telephone:  251-432-4540
Facsimile:  251-432-0427
Email:  kreese@littler.com
**Attorney for Defendant**

s/David R. Arendall
David R. Arendall, Esq.
Arendall & Associates
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
Phone:  205-252-1550
Fax:  205-252-1556
Email:  ada@arendalllaw.com  (Allen)
**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

RHONDA COLLEY,                              *

      Plaintiff,                          *

                                           CIVIL ACTION NO.

vs.                                        *

                                           **3:07-cv-857-MHT-WC**

CHARTER COMMUNICATIONS,                    *

      Defendant.                          *

<u>CONSENT PROTECTIVE ORDER</u>

      The parties hereto having consented through their respective counsel for the entry of this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

      1.    The Order shall govern all documents produced by the parties in this action. Furthermore, this Order shall govern all information derived from such documents and all copies, excerpts or summaries thereof.

      2.    In addition, the following documents and all information derived from such documents shall be designated confidential:

      a.    Any document from the personnel or employment file of any employee or former regular or leased employee of Charter Communications;

**EXHIBIT A**

b.     Any documents, whether or not located in a personnel file, concerning information of regular or leased employees or former regular or leased employees of Charter Communications;

c.     Any other documents which a party in good faith designates as "confidential."

3.     Such confidential documents shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

a.     Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

b.     The parties in the above-styled action;

c.     The Court and persons employed by the Court working on this litigation;

d.     Court reporters at the proceedings in this action;

e.     Experts or consultants retained or consulted by the parties, but only as set out in paragraph four below; and

f.     Deponents, trial witnesses and potential deposition witnesses, but only as set out in paragraph four below.

4.     Prior to making such disclosure of any confidential documents or information pursuant to paragraph three, counsel making such disclosure shall inform any person to whom

disclosure is being made that the information or documents, or any portions thereof, may be used only for the purposes set forth in this Protective Order.

5.      Upon request by the producing party, within 90 (ninety) days of the conclusion of this matter as to all parties, each confidential document and all excerpts or summaries thereof produced by that party, shall be returned to the producing party.

6.      Nothing in this Order shall prevent a party from any use of its own confidential documents.

7.      The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential information disclosed or as to other related information.

8.      Any party may apply to the Court for relief from this order.  The party seeking relief from this Order shall specify which documents designated as "confidential" by the opposing party it wishes to disclose outside the confines of this litigation and the purpose for which and the manner in which it seeks to disclose the information.  Neither party shall disclose any information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

9.      Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

10.      The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

**SO ORDERED** this the _____ day of _____, 2008.


_____

**The Honorable Myron H. Thompson**
**United States Judge**

Firmwide:83612341.2 047830.1006